# EXHIBIT A

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 2 of 14 PageID #: 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------------X

SEAN S HWANG and SEONGEUN KIM

                                         Plaintiff(s),

               -against-

JIM WAIVE ROBERTS and R.A.B. EXPRESS, INC,

                                     Defendant(s).

------------------------------------------------------------------------X

Index No.:

Date Purchased:

## SUMMONS

Plaintiff designates Queens
County as the place of trial.

The basis of venue is:
CPLR §§ 503(a) & 509

**To the above named Defendants:**

       **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        Queens, New York
              October 4, 2021

Lana Ahreum Song, Esq.
Song and Park, LLP.
Attorneys for Plaintiffs
194-02 Northern Blvd., Suite 204
Flushing, New York 11358
Our File No. 200214
T. 718-569-5430
F. 888-841-8572

INDEX NO. 721994/2021

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 3 of 14 PageID #: 6

 RECEIVED NYSCEF: 10/04/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------X

SEAN S HWANG and SEONGEUN KIM

Index No.:

Plaintiff(s),

-against-

**VERIFIED COMPLAINT**

JIM WAIVE ROBERTS and R.A.B. EXPRESS, INC,

Defendant(s).

-------------------------------------------------------------------------X

Plaintiffs, by their attorneys, SONG AND PARK, LLP., complaining of the defendants,

respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF SEAN S HWANG

1.      That plaintiff SEAN S HWANG is currently a resident of Middlesex County, State

of Massachusetts.

2.      That plaintiff SEAN S HWANG was a resident of the County of Bergen, State of

New Jersey on May 10, 2020.

3.      That at all times hereinafter mentioned, defendant JIM WAIVE ROBERTS was,

and still is a resident of the County of Summit, State of Ohio.

4.      That at all times hereinafter mentioned, defendant R.A.B. EXPRESS, INC was, and

still is an entity with a principal place of business in the County of Summit, State of Ohio.

5.      At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS,

INC owned a 2014 Freightliner tractor/commercial motor vehicle bearing Ohio license plate

number PWE7558.

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 4 of 14 PageID #: 7

6.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle.

7.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle with permission of its owner, defendant R.A.B. EXPRESS, INC.

8.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle with knowledge of its owner, defendant R.A.B. EXPRESS, INC.

9.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle with consent of its owner, defendant R.A.B. EXPRESS, INC.

10.    At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS leased the aforesaid tractor/commercial motor vehicle from defendant R.A.B. EXPRESS, INC.

11.    At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS was employed by defendant R.A.B. EXPRESS, INC.

12.    At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle within scope of his employment with its owner, defendant R.A.B. EXPRESS, INC.

13.    At all times herein mentioned, and May 10, 2020, defendant JIM WAIVE ROBERTS was the agent of the defendant R.A.B. EXPRESS, INC.

14.    At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS,

INC was the principal of the defendant JIM WAIVE ROBERTS.

15.     At all times herein mentioned, and on May 10, 2020, a principal-agent relationship existed between defendant R.A.B. EXPRESS, INC and defendant JIM WAIVE ROBERTS.

16.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS maintained the aforesaid tractor/commercial motor vehicle.

17.     At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC maintained the aforesaid tractor/commercial motor vehicle.

18.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS managed the aforesaid tractor/commercial motor vehicle.

19.     At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC managed the aforesaid tractor/commercial motor vehicle.

20.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS controlled the aforesaid tractor/commercial motor vehicle.

21.     At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC controlled the aforesaid tractor/commercial motor vehicle.

22.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS repaired the aforesaid tractor/commercial motor vehicle.

23.     At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC repaired the aforesaid tractor/commercial motor vehicle.

24.     That on May 10, 2020, Interstate 287 at or near its juncture with Interstate 95 in County of Westchester, State of New York, was and still is a public thoroughfare.

25.     That on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 6 of 14 PageID #: 9

tractor/commercial motor vehicle at or about the aforementioned location.

26.     That on May 10, 2020, defendant JIM WAIVE ROBERTS was the operator of a 2014 Freightliner tractor/commercial motor vehicle bearing Ohio license plate number PWE7558.

27.     That on May 10, 2020, plaintiff SEAN S HWANG was the operator of a 2009 Acura motor vehicle bearing New Jersey license plate number E99LMH at the aforesaid location.

28.     That on May 10, 2020, at the aforementioned location, the tractor/commercial motor vehicle operated by defendant JIM WAIVE ROBERTS came into contact with the motor vehicle which the plaintiff SEAN S HWANG was operating.

29.     That on May 10, 2020, defendants were negligent in violating the vehicle and traffic law of the State of New York; in driving their tractor/commercial motor vehicle at excessive, illegal and dangerous rate of speed; in failing to keep proper control of their tractor/commercial motor vehicle; in following too closely to vehicle ahead; in failing to maintain safe, reasonable distance between motor vehicles on roadway; in failing to make proper observation; in failing to maintain the tractor/commercial motor vehicle within the designated lane; in making an improper turn; in failing to observe the traffic laws existing then and there; were negligent in the ownership, maintenance of said tractor/commercial motor vehicle, in causing the vehicles to be in collision; in failing to swerve and avoid the happening of the collision; in failing to properly observe the traffic controls at the place of the accident; in failing to signal or otherwise warn of their approach; in failing to stop; in failing to apply the brakes of the tractor/commercial motor vehicle in a timely manner and in general, the defendants were reckless, careless and negligent.

30.     That as a result of the aforesaid contact, plaintiff SEAN S HWANG was rendered sick, sore, lame and disabled; sustained severe and painful personal injuries; sustained severe

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 7 of 14 PageID #: 10

nervous shock, mental anguish and great physical pain; was confined to bed and home for an extensive time; was compelled to undergo medical treatment and attention; has suffered loss of enjoyment of life; was prevented from engaging in his usual occupation for a period of time; and since some of his injuries are of a permanent nature, he will continue to suffer similar damages in the future.

31.     That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the plaintiff contributing thereto, but were caused solely by the negligence of the defendants in the ownership, operation, management, maintenance and control of their tractor/commercial motor vehicle.

32.     Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, repair and control of their aforesaid tractor/commercial motor vehicle and defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

33.     That the plaintiff SEAN S HWANG sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

34.     That this action falls within one or more of the exceptions set forth in CPLR§1602.

35.     That by the reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF SEONGEUN KIM

36.     That Plaintiff SEONGEUN KIM is a currently a resident of Middlesex County,

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 8 of 14 PageID #: 11

State of Massachusetts.

37.     That plaintiff SEONGEUN KIM was a resident of the County of Bergen, State of New Jersey on May 10, 2020.

38.     That at all times hereinafter mentioned, defendant JIM WAIVE ROBERTS was, and still is a resident of the County of Summit, State of Ohio.

39.     That at all times hereinafter mentioned, defendant R.A.B. EXPRESS, INC was, and still is an entity with a principal place of business in the County of Summit, State of Ohio.

40.     At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC owned a 2014 Freightliner tractor/commercial motor vehicle bearing Ohio license plate number PWE7558.

41.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle.

42.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle with permission of its owner, defendant R.A.B. EXPRESS, INC.

43.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle with knowledge of its owner, defendant R.A.B. EXPRESS, INC.

44.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle with consent of its owner, defendant R.A.B. EXPRESS, INC.

45.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 9 of 14 PageID #: 12

ROBERTS leased the aforesaid tractor/commercial motor vehicle from defendant R.A.B. EXPRESS, INC.

46.    At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS was employed by defendant R.A.B. EXPRESS, INC.

47.    At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle within scope of his employment with its owner, defendant R.A.B. EXPRESS, INC.

48.    At all times herein mentioned, and May 10, 2020, defendant JIM WAIVE ROBERTS was the agent of the defendant R.A.B. EXPRESS, INC.

49.    At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC was the principal of the defendant JIM WAIVE ROBERTS.

50.    At all times herein mentioned, and on May 10, 2020, a principal-agent relationship existed between defendant R.A.B. EXPRESS, INC and defendant JIM WAIVE ROBERTS.

51.    At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS maintained the aforesaid tractor/commercial motor vehicle.

52.    At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC maintained the aforesaid tractor/commercial motor vehicle.

53.    At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS managed the aforesaid tractor/commercial motor vehicle.

54.    At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC managed the aforesaid tractor/commercial motor vehicle.

55.    At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 10 of 14 PageID #: 13

ROBERTS controlled the aforesaid tractor/commercial motor vehicle.

56.     At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC controlled the aforesaid tractor/commercial motor vehicle.

57.     At all times herein mentioned, and on May 10, 2020, defendant JIM WAIVE ROBERTS repaired the aforesaid tractor/commercial motor vehicle.

58.     At all times herein mentioned, and on May 10, 2020, defendant R.A.B. EXPRESS, INC repaired the aforesaid tractor/commercial motor vehicle.

59.     That on May 10, 2020, Interstate 287 at or near its juncture with Interstate 95 in County of Westchester, State of New York, was and still is a public thoroughfare.

60.     That on May 10, 2020, defendant JIM WAIVE ROBERTS operated the aforesaid tractor/commercial motor vehicle at or about the aforementioned location.

61.     That on May 10, 2020, defendant JIM WAIVE ROBERTS was the operator of a 2014 Freightliner tractor/commercial motor vehicle bearing Ohio license plate number PWE7558.

62.     That on May 10, 2020, plaintiff SEONGEUN KIM was a passenger of a 2009 Acura motor vehicle bearing New Jersey license plate number E99LMH at the aforesaid location.

63.     That on May 10, 2020, at the aforementioned location, the tractor/commercial motor vehicle operated by defendant JIM WAIVE ROBERTS came into contact with the motor vehicle which the plaintiff SEONGEUN KIM was a passenger in.

64.     That on May 10, 2020, defendants were negligent in violating the vehicle and traffic law of the State of New York; in following too closely to vehicle ahead; in failing to maintain safe, reasonable distance between motor vehicles on roadway; in failing to make proper observation; in driving their tractor/commercial motor vehicle at excessive, illegal and dangerous rate of speed;

in failing to keep proper control of their tractor/commercial motor vehicle; in failing to maintain the tractor/commercial motor vehicle within the designated lane; in making an improper turn; in failing to observe the traffic laws existing then and there; were negligent in the ownership, maintenance of said tractor/commercial motor vehicle, in causing the vehicles to be in collision; in failing to swerve and avoid the happening of the collision; in failing to properly observe the traffic controls at the place of the accident; in failing to signal or otherwise warn of their approach; in failing to stop; in failing to apply the brakes of the tractor/commercial motor vehicle in a timely manner and in general, the defendants were reckless, careless and negligent.

65.     That as a result of the aforesaid contact, plaintiff SEONGEUN KIM was rendered sick, sore, lame and disabled; sustained severe and painful personal injuries; sustained severe nervous shock, mental anguish and great physical pain; was confined to bed and home for an extensive time; was compelled to undergo medical treatment and attention; has suffered loss of enjoyment of life; was prevented from engaging in her usual occupation for a period of time; and since some of her injuries are of a permanent nature, she will continue to suffer similar damages in the future.

66.     That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the plaintiff contributing thereto, but were caused solely by the negligence of the defendants in the ownership, operation, management, maintenance and control of their tractor/commercial motor vehicle.

67.     Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, repair and control of their aforesaid tractor/commercial motor vehicle and defendants were otherwise negligent, careless and reckless under the

INDEX NO. 721994/2021
RECEIVED NYSCEF: 10/04/2021

circumstances then and there prevailing.

68.     That the plaintiff SEONGEUN KIM sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

69.     That this action falls within one or more of the exceptions set forth in CPLR§1602.

70.     That by the reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiffs demand judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts, together with the costs and disbursements of this action.


Dated: Queens, New York
       October 4, 2021




Lana Ahreum Song, Esq.
Song and Park, LLP.
Attorneys for Plaintiffs
194-02 Northern Blvd., Suite 204
Flushing, New York 11358
Our File No. 200214
T. 718-569-5430
F. 888-841-8572

# **ATTORNEY VERIFICATION**

Lana Ahreum Song, Esq., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of SONG AND PARK, LLP, attorneys of record for Plaintiffs, SEAN S HWANG and SEONGEUN KIM.

I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me and not by the Plaintiffs because Plaintiffs are not presently in the county wherein I maintain my offices.

Dated:      Queens, New York
             October 4, 2021

                    Lana Ahreum Song, Esq.

Case 1:21-cv-06215-ARR-JRC   Document 1-1   Filed 11/10/21   Page 14 of 14 PageID #: 17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.

_____

SEAN S HWANG and SEONGEUN KIM,

Plaintiff(s),

-against-

JIM WAIVE ROBERTS and R.A.B. EXPRESS, INC,

Defendant(s).

_____

### SUMMONS and VERIFIED COMPLAINT

_____

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.


Dated:        Queens, New York
              October 4, 2021


                                        Lana Ahreum Song, Esq.
                                        Song and Park, LLP.
                                        Attorneys for Plaintiffs
                                        194-02 Northern Blvd., Suite 204
                                        Flushing, New York 11358
                                        Our File No. 200214
                                        T. 718-569-5430
                                        F. 888-841-8572